IN THE UNITED STATES DISTRICT COURT
DISTICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>*ex rel.* Susan Ruscher, §<br>§<br>STATE OF CALIFORNIA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF DELAWARE §<br>*ex rel.* Susan Ruscher, §<br>DISTRICT OF COLUMBIA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF FLORIDA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF GEORGIA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF HAWAII §<br>*ex rel.* Susan Ruscher, §<br>STATE OF ILLINOIS §<br>*ex rel.* Susan Ruscher, §<br>STATE OF INDIANA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF LOUISIANA §<br>*ex rel.* Susan Ruscher, §<br>COMMONWEALTH OF MASSACHUSETTS §<br>*ex rel.* Susan Ruscher, §<br>STATE OF MICHIGAN §<br>*ex rel.* Susan Ruscher, §<br>STATE OF MONTANA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF NEVADA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF NEW JERSEY §<br>*ex rel.* Susan Ruscher, §<br>STATE OF NEW MEXICO §<br>*ex rel.* Susan Ruscher, §<br>STATE OF NEW YORK §<br>*ex rel.* Susan Ruscher, §<br>STATE OF OKLAHOMA §<br>*ex rel.* Susan Ruscher, §<br>STATE OF RHODE ISLAND §<br>*ex rel.* Susan Ruscher, §<br>STATE OF TENNESSEE §<br>*ex rel.* Susan Ruscher, §<br>STATE OF TEXAS §<br>*ex rel.* Susan Ruscher, § | CIVIL NO. 08-3396<br>(S.D. Texas) |

| | |
|---|---|
| STATE OF WISCONSIN<br>*ex rel.* Susan Ruscher,<br>COMMONWEALTH OF VIRGINIA<br>*ex rel.* Susan Ruscher,<br>DOE STATES 1-21<br><br>    Plaintiffs,<br><br>v.<br><br>OMNICARE, INC.; OMNICARE PHARMACY OF TEXAS 2, LP; OMNICARE PHARMACY OF FLORIDA, LP; ARLINGTON ACQUISITION I, INC.; ASCO HEALTHCARE, LLC; BADGER ACQUISITION OF TAMPA, LLC D/B/A/ BAY PHARMACY; BADGER ACQUISITION OF OHIO, LLC D/B/A/ BEEBER PHARMACIES; BEST CARE LTC ACQUISITION COMPANY, LLC; CAMPO'S MEDICAL PHARMACY, INC.; CARE PHARMACEUTICAL SERVICES, LP; CTLP ACQUISITION LLC; CIP ACQUISITION CORP. D/B/A/ CARTER'S INSTITUTIONAL PHARMACY; CP ACQUISITION CORP. D/B/A/ CENTRAL PHARMACY; CHP ACQUISITION CORP. D/B/A/OMNICARE OF SOUTHERN NEW JERSEY; COMSCRIPT, LLC; D&R PHARMACEUTICAL SERVICES, LLC D/B/A D&R PHARMACARE D/B/A/ OMNICARE OF LOUISVILLE, KY D/B/A/ OMNICARE OF LEXINGTON, KY; NIV ACQUISITION LLC D/B/A DENMAN PHARMACY SERVICES; PHARMACY ASSOCIATES OF GLENS FALLS, INC.; ENLOE DRUGS, LLC; EVERGREEN PHARMACEUTICAL, LLC; EVERGREEN PHARMACEUTICAL OF CALIFORNIA, INC. F/K/A PIO ACQUISITION F/K/A WEST VAL PREMIER F/K/A NCS HEALTHCARE OF CALIFORNIA, INC. F/K/A CREEKSIDE MANAGED CARE PHARMACY, INC.; EXCELLERX, INC.; OMNICARE DISTRIBUTION CENTER LLC F/K/A HEARTLAND REPACK SERVICES; HMIS, INC.; HOME CARE PHARMACY, LLC; INTERLOCK PHARMACY SYSTEMS; LCPS ACQUISITION, LLC; LO-MED PRESCRIPTION SERVICES, LLC; MANAGED HEALTHCARE, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

2

| | |
|---|---|
| INC.; MCCLELLAND HEALTH SYSTEMS; MED WORLD ACQUISITION CORP D/B/A/ MED WORLD PHARMACY; MEDICAL ARTS HEALTH CARE, INC.; OMNICARE PHARMACY OF FLORIDA, LP D/B/A/ MEDISTAT; NCS HEALTHCARE OF NEW MEXICO, INC.; NCS HEALTHCARE OF MONTANA, INC.; NCS HEALTHCARE OF WASHINGTON, INC.; NCS HEALTHCARE OF ILLINOIS, LLC; NCS HEALTHCARE OF SOUTH CAROLINA, INC.; NCS HEALTHCARE OF KANSAS, LLC; NCS HEALTHCARE, LLC; NEIGHBORCARE OF INDIANA, LLC; NEIGHBORCARE PHARMACY SERVICES, INC. D/B/A NETWORK HEALTH SERVICES; NEIGHBORCARE, INC.; NIHAN & MARTIN, INC.; NORTH SHORE PHARMACY, LLC; OMNICARE ESC, LLC; OMNICARE PHARMACY OF TEXAS 1, LP; OMNICARE PHARMACY OF TEXAS 2, LP; HOME CARE PHARMACY, INC.; HOME CARE PHARMACY, LLC;OMNICARE EXTENDED PHARMACY SERVICES, LLC;  NEIGHBORCARE PHARMACY OF VIRGINIA, LLC; OMNICARE OF NEW YORK, LLC; OMNICARE PHARMACY AND SUPPLY SERVICES, LLC; PBM-PLUS, INC.; PHARMACON CORP.; PHARMACY CONSULTANTS, INC.; PHARMASOURCE, LLC; PHARM-CORP OF MAINE, LLC; PRN PHARMACEUTICAL SERVICES, LP; RESCOT SYSTEMS GROUP, INC.; LANGSAM HEALTH SERVICES, LLC; JHC ACQUISITION, LLC D/B/A OMNICARE CLINICAL INTERVENTION CENTER; LANGSAM MEDICAL PRODUCTS, INC. D/B/A SEQUOIA; NORTH SHORE PHARMACY SERVICES, LLC; SPECIALIZED PHARMACY SERVICES, LLC; STERLING HEALTHCARE SERVICES, INC. D/B/A STERLING HOME MEDICAL SERVICES; THREE FORKS APOTHECARY, INC.; VALUE HEALTH CARE SERVICES, LLC; NCS HEALTHCARE OF KENTUCKY, INC. D/B/A VANGARD LABS; VAPS ACQUISITION COMPANY; VITAL CARE INFUSIONS, INC.; WILLIAMSON DRUG CO., INC.; ZS ACQUISITION COMPANY; AAHS | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

ACQUISITION CORPORATION; AMBLER ACQUISITION COMPANY, LLC; AMC – NEW YORK, INC.; AMC – TENNESSEE, INC.; ANDERSON MEDICAL SERVICES, INC.; APS ACQUISITION, LLC; APS SUMMIT CARE PHARMACY, LLC; ASCO HEALTHCARE OF NEW ENGLAND, LLC; ASCO HEALTHCARE OF NEW ENGLAND, LP; ATLANTIC MEDICAL GROUP, LLC; BACH'S PHARMACY (EAST), LLC; BACH'S PHARMACY SERVICES, LLC; BADGER ACQUISITION, LLC; BADGER ACQUISITION OF BROOKSVILLE, LLC; BADGER ACQUISITION OF KENTUCKY, LLC; BADGER ACQUISITION OF MINNESOTA, LLC; BADGER ACQUISITION OF ORLANDO, LLC; BADGER ACQUISITION OF TEXAS, LLC; BPNY ACQUISITION CORP.; BPTX ACQUISITION CORP.; CAPITAL HOME INFUSION, INC.; CARE CARD, INC.; CARE4, LP; COMPASS HEALTH SERVICES, LLC; COMSCRIPT-BOCA, LLC; CONCORD PHARMACY SERVICES, INC.; CP SERVICES, LLC; CPS ACQUISITION COMPANY, LLC; DELCO APOTHECARY, INC.; DIXON PHARMACY, LLC; HEARTLAND HEALTHCARE SERVICES, LLC; HOME PHARMACY SERVICES, LLC; HYTREE PHARMACY, INC.; INSTITUTIONAL HEALTH CARE SERVICES, LLC; LOBOS ACQUISITION, LLC; LOBOS ACQUISITION OF ARIZONA, INC.; LPA ACQUISITION COMPANY, LLC; LPI ACQUISITION CORPORATION; MAIN STREET PHARMACY, LLC; MANAGEMENT & NETWORK SERVICES, INC.; MANAGEMENT & NETWORK SERVICES, LLC; MEDICAL SERVICES GROUP, LLC; MHHP ACQUISITION COMPANY; MOSI ACQUISITION CORPORATION; NCS HEALTHCARE OF ARIZONA, INC.; NCS HEALTHCARE OF ARKANSAS, INC.; NCS HEALTHCARE OF CONNECTICUT; NCS HEALTHCARE OF FLORIDA, INC.; NCS HEALTHCARE OF INDIANA, INC.; NCS HEALTHCARE OF INDIANA, LLC; NCS HEALTHCARE OF IOWA, LLC; NCS HEALTHCARE OF KENTUCKY, INC.; NCS HEALTHCARE OF MARYLAND,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

4

LLC; NCS HEALTHCARE OF MASSACHUSETTS, INC.; NCS HEALTHCARE OF MICHIGAN, INC.; NCS HEALTHCARE OF MINNESOTA, INC.; NCS HEALTHCARE OF MISSOURI, INC.; NCS HEALTHCARE OF NEW HAMPSHIRE, INC.; NCS HEALTHCARE OF NEW JERSEY, INC.; NCS HEALTHCARE OF NORTH CAROLINA, INC.; NCS HEALTHCARE OF OHIO, LLC; NCS HEALTHCARE OF OKLAHOMA, INC.; NCS HEALTHCARE OF OREGON, INC.; NCS HEALTHCARE OF PENNSYLVANIA, INC.; NCS HEALTHCARE OF RHODE ISLAND, LLC; NCS HEALTHCARE OF TENNESSEE, INC.; NCS HEALTHCARE OF TEXAS, INC.; NCS HEALTHCARE OF VERMONT, INC.; NCS HEALTHCARE OF WASHINGTON, INC.; NCS SERVICES, INC.; NEIGHBORCARE-ORCA, LLC; NEIGHBORCARE HOLDINGS, INC.; NEIGHBORCARE INFUSION SERVICES, INC.; NEIGHBORCARE OF NEW HAMPSHIRE, LLC; NEIGHBORCARE OF NORTHERN CALIFORNIA, INC.; NEIGHBORCARE OF OHIO, LLC; NEIGHBORCARE OF OKLAHOMA, INC.; NEIGHBORCARE OF WISCONSIN, LLC; NEIGHBORCARE PHARMACIES, LLC; NEIGHBORCARE PHARMACY OF OKLAHOMA, LLC; NEIGHBORCARE PHARMACY OF VIRGINIA, LLC; NEIGHBORCARE REPACKAGING, INC.; NEIGHBORCARE-MEDISCO, INC.; NGC ACQUISITION COMPANY, LLC; OCR SERVICES CORPORATION; OCR-RA ACQUISITION, LLC D/B/A LONG TERM CARE PHARMACY; OFL CORP.; OMNIBILL SERVICES, LLC; OMNICARE AIR TRANSPORT SERVICES, INC.; OMNICARE HEADQUARTERS, LLC; OMNICARE HOLDINGS COMPANY; OMNICARE INDIANA PARTNERSHIP HOLDING COMPANY, LLC; OMNICARE MANAGEMENT COMPANY; OMNICARE OF NEVADA, LLC; OMNICARE PENNSYLVANIA MED SUPPLY, LLC; OMNICARE PHARMACIES OF PENNSYLVANIA EAST, LLC; OMNICARE PHARMACIES OF PENNSYLVANIA WEST,

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

5

| | |
|---|---|
| LLC; OMNICARE PHARMACIES OF GREAT PLAINS HOLDING COMPANY; OMNICARE PHARMACY OF COLORADO, LLC; OMNICARE PHARMACY OF MAINE, LLC; OMNICARE PHARMACY OF NEBRASKA, LLC; OMNICARE PHARMACY OF NORTH CAROLINA, LLC; OMNICARE PHARMACY OF PUEBLO, LLC; OMNICARE PHARMACY OF TENNESSEE, LLC; OMNICARE PHARMACY OF THE MIDWEST, LLC F/K/A FREED'S; OMNICARE PURCHASING COMPANY GENERAL PARTNER, INC.; OMNICARE PURCHASING COMPANY LIMITED PARTNER, INC.; OMNICARE PURCHASING COMPANY, LP; OMNICARE RESPIRATORY SERVICES, LLC; OMNICARE SENIOR HEALTH OUTCOMES, LLC; OMNICARE.COM, INC.; PBM PLUS MAIL SERVICE PHARMACY, LLC; PCI ACQUISITION, LLC; PHARMACY HOLDING #1, LLC; PHARMACY HOLDING #2, LLC; PHARMASOURCE HEALTHCARE, INC.; PP ACQUISITION COMPANY, LLC; PPS-GBMC JOINT VENTURE, LLC; PPS-ST. AGNES JOINT VENTURE, LLC; PRN PHARMACEUTICAL SERVICES, LP; PROFESSIONAL PHARMACY SERVICES, INC.; PSI ARKANSAS ACQUISITION, LLC; RXC ACQUISITION COMPANY; SHC ACQUISITION COMPANY, LLC D/B/A SYNERGY; SHORE PHARMACEUTICAL PROVIDERS, INC.; SOUTHSIDE APOTHECARY, INC.; SPECIALIZED PATIENT CARE SERVICES, INC.; SPECIALIZED PHARMACY SERVICES, LLC; SPECIALTY CARTS, LLC; STERLING HEALTHCARE SERVICES, INC.; SUPERIOR CARE PHARMACY, INC.; TCPI ACQUISITION CORP., D/B/A TOTAL CARE PHARMACY; THE MEDICINE CENTRE, LLC; THG ACQUISITION CORP., D/B/A TANDEM HEALTH GROUP; UC ACQUISITION CORP., D/B/A UNICARE; UNI-CARE HEALTH SERVICES OF MAINE, INC.; VALUE PHARMACY, INC.; WINSLOW'S PHARMACY; JOEL F. GEMUNDER; FAMILY SENIOR CARE; FIVE STAR QUALITY CARE, INC.; FUNDAMENTAL LONG TERM CARE HOLDINGS, LLC/TRANS HEALTHCARE, INC; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

| | |
|---|---|
| LIFE CARE CENTERS OF AMERICA; | § |
| SHORELINE HEALTHCARE MANAGEMENT; | § |
| HARBORSIDE HEALTHCARE/SUN | § |
| HEALTHCARE GROUP, INC.; AVAMERE | § |
| HEALTH SERVICES, LLC; MILLENNIUM | § |
| MANAGEMENT, LLC, | § |
| | § |
| Defendants. | § |

### RELATOR SUSAN RUSCHER'S MOTION TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM

Relator Susan Ruscher files this motion to compel Apple Health Care, Inc. to respond to Relator's Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, served on Apple Health Care, Inc. on January 14, 2015 (Ex. A), and in support of this motion respectfully shows as follows:

### BACKGROUND

Relator filed this qui tam suit against Omnicare, Inc. in the United States District Court for the Southern District of Texas on November 14, 2008. Relator filed her Third Amended Complaint on September 6, 2013. (Case No. 08-3396, ECF No. 97). Relator has alleged that Omnicare, Inc. engaged in a nationwide fraudulent kickback scheme in which Omnicare induced and retained business from its most lucrative nursing home chain customers by choosing not to collect on these chains' accounts receivable. In its June 12, 2014 order granting, in part, and denying, in part, Omnicare's motion to dismiss, the Court stated that, "The magnitude of the alleged fraud is great: Relator asserts that, by late 2009, Omnicare's overdue accounts receivable exceeded $720 million, 'the majority of which represented kickbacks in the form of forgiven debt.'" (Case No. 08-3396, ECF No. 147 at 1). In the same order, in examining Rule 9(b) sufficiency the Court found that Relator sufficiently pleaded the "who" of the alleged fraud by

naming "Omnicare's National and P-Hold account-holders" as "the beneficiaries of Defendants' kickbacks."

Because Relator has identified Apple Health Care, Inc. as a potential beneficiary of Omnicare's kickbacks, Relator issued the Subpoena on Apple Health Care, Inc. in order to obtain relevant documents. To date, Apple Health Care, Inc. has failed to comply with the Subpoena.

## ARGUMENT

Although this action is pending in the Southern District of Texas, this Court has the authority to enforce compliance with a third party subpoena that requires compliance in this District. *See* Fed. R. Civ. P. 45.

The scope of discovery under a third party subpoena is no different than the general scope of discovery. *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985). Rule 26(b)(1) of the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The information need not be admissible at trial; it need only be reasonably calculated to lead to the discovery of admissible evidence. *Shaw Grp., Inc. v. Zurich Am. Ins. Co.*, No. CIV.A. 12-257-JJB, 2014 WL 1784046, at *4 (M.D. La. May 5, 2014). The rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Id.* Furthermore, it is well established that the scope of discovery is within the sound discretion of the trial court. *E.g., Quintero v. Klaveness Ship Lines,* 914 F.2d 717, 724 (5th Cir.1990)

Apple Health Care, Inc. has not responded to the subpoena in any form. Apple Health Care, Inc. has not contacted Relator to discuss the subpoena, has not filed objections to the

subpoena and has not moved to quash the subpoena. Regardless, Apple Health Care, Inc. can assert no valid objection to the Subpoena.

The information sought through the subpoena is directly relevant to Relator's claims against Omnicare. Relator seeks to learn about the business relationship between the parties; Omnicare's efforts to retain and expand its business with Apple Health Care, Inc.; Apple Health Care, Inc.'s ability to pay its debts as they came due; whether Omnicare forgave any of Apple Health Care, Inc.'s accounts payable to Omnicare; and to what extent and on what grounds such debt was forgiven.

The information sought is not unduly burdensome. Relator has served subpoenas seeking the same information from numerous nursing home chains and has received responses from many of them. Moreover, Relator has received no objections from Apple Health Care, Inc. to suggest that the subpoena is unduly burdensome. Should Apple Health Care, Inc. show the existence of a burden associated with the cost of production, Relator is willing to discuss the possibility of sharing the costs associated with responding to the Subpoena.

Any confidentiality concerns can be addressed through a protective order. There is already a protective order governing this case, (Case No. 08-3396, ECF No. 190). Relator can easily modify this order or cooperate with Apple Health Care, Inc. to draft a suitable protective order to govern Apple Health Care, Inc.'s production of documents.

Lastly, Relator requests that any hearing on this motion be transferred to the Southern District of Texas. Federal Rule of Civil Procedure 47(f) provides the authority for the compliance court to transfer the motion to the court where the underlying action is pending. Fed. R. Civ. P. 45(f). Exceptional circumstances warrant the transfer of this motion. The underlying proceeding is a complex qui tam suit. Relator has or will file numerous motions to compel in

districts across the country. It will be beneficial for these motions to be heard by the judge presiding in the case who is most familiar with the factual details of the case and can handle all of the motions to compel on a consolidated basis.

## CONCLUSION

For the foregoing reasons, Relator respectfully requests that her motion to compel be granted in its entirety, and that Apple Health Care, Inc. be compelled to produce all documents responsive to the Subpoena that are within its possession, custody or control within fourteen days from the entry of the order granting this motion. Relator further requests that any hearing regarding this motion be transferred to the Southern District of Texas.

Respectfully submitted,

Vincent M. DeAngelo, CT06614
Butler, Norris & Gold
254 Prospect Avenue
Hartford, CT 06106
VDeAngelo@bnglaw.com
(860) 236-6951
**COUNSEL FOR RELATOR
SUSAN RUSCHER**

## CERTIFICATE OF CONFERENCE

Because the only contact information for Apple Health Care, Inc. that Relator presently has is its address, Relator has not conferred. However Relator will endeavor to confer with Apple Health Care, Inc. on an ongoing basis.

Vincent M. DeAngelo, CT06614
Butler, Norris & Gold
254 Prospect Avenue
Hartford, CT 06106
VDeAngelo@bnglaw.com
(860) 236-6951

## CERTIFICATE OF SERVICE

I certify that on March 5, 2015, I served a copy of **RELATOR SUSAN RUSCHER'S MOTION TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM** to the Apple Health Care, Inc. by depositing a copy of same in the United States mail with adequate postage affixed thereto both Certified Mail, Return Receipt Requested, and by First Class Mail to:

>Apple Health Care, Inc.
>c/o Ryan Vess
>21 Waterville Road
>Avon, CT 06107

I further certify that on March 5, 2015, I served a copy of **RELATOR SUSAN RUSCHER'S MOTION TO COMPEL RESPONSE TO SUBPOENA DUCES TECUM** to counsel for Omnicare, the Department of Justice in Washington, D.C., and the Attorneys General of the Qui Tam States and the District of Columbia via e-mail as follows:

>emainigi@wc.com
>Bernice.yew@doj.ca.gov
>Christina.showalter@state.de.us
>jane.drummey@dc.gov
>susan.kennedy@dc.gov
>Laurie.Oberembt@usdoj.gov
>Kathleen.VonHoene@myfloridalegal.com
>kbradberry@law.ga.gov
>michael.l.parrish@hawaii.gov
>fcrystal@atg.state.il.us
>Lawrence.Carcare@atg.in.gov
>dathomas@ig.in.gov
>diezn@ag.state.la.us
>robert.patten@state.ma.us
>tanayd@michigan.gov
>dfosket@mt.gov
>mkemberling@ag.nv.gov
>Karin.eckel@doj.nh.gov
>lichtblauj@njdcj.org
>Ptucker@nmag.gov

Raymond.Mensack@state.nm.us
jay.speers@ag.ny.gov
Niki.batt@oag.ok.gov
jdube@riag.ri.gov
leslie.bridges@ag.tn.gov
ebailey@oag.state.va.us
rclouse@oag.state.va.us
vanhollenjb@doj.state.wi.us

_____
Vincent M. DeAngelo, CT06614
Butler, Norris & Gold
254 Prospect Avenue
Hartford, CT 06106
VDeAngelo@bnglaw.com
(860) 236-6951