# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| United States ex rel. Susan Ruscher | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   08-3396 |
| Omnicare Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          APPLE HEALTH CARE, INC. C/O RYAN VESS
                  21 Waterville Road, Avon, CT, 06107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A

| Place: Berg & Androphy<br>       3704 Travis Street<br>       Houston, TX 77002 | Date and Time:<br><br>     02/13/2015 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/13/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Rachel L. Grier* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Susan Ruscher
_____ , who issues or requests this subpoena, are:

Rachel Grier, Berg & Androphy, 3704 Travis Street, Houston, TX 77002, (713) 529-5622, rgrier@bafirm.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  08-3396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. Except as specifically defined below, the terms used in these discovery requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable.  Any terms not otherwise defined shall be given their plain and ordinary meaning.

2. "Any" means any and all.

3. "Relevant to this action" means any information that relates to, constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves, or is in any way pertinent to any of the claims you allege in this lawsuit, including all information that could reasonably lead to the discovery of admissible evidence.

    The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of these interrogatories any information or documents that might otherwise be considered to be beyond their scope.

4. Document(s) means, without limitation, any written, printed, typed, photographed, recorded, transcribed, taped, filmed, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof.  This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings, including any additions, deletions, alterations, or notations, as well as the backsides of any communication or representation which contain any of the above. "Document" also includes all attachments, enclosures, or other matter affixed to or incorporated by reference within documents responsive to this Attachment, including, but not limited to, any pages that show who reviewed, approved or rejected a particular document.

    a. By way of example, "document(s)" includes, but is not limited to: writings; correspondence; memoranda; notes; drafts; records; files; letters; envelopes; messages; electronic mail; electronic messages; analyses; agreements; accounts; working papers; reports and summaries of investigations; trade letters; press releases; comparisons; books; ledgers; journals; bills; vouchers; checks; statements; worksheets; summaries; notices; drawings; diagrams; graphic presentations; instructions; manuals; calendars; diaries; telephone message records or logs; routing slips; activity reports; articles; magazines; newspapers; brochures; guidelines; notes or minutes of meetings or of other communications of any type, including inter- and intra-office or Company communications; reports; plans; questionnaires; forecasts; briefing materials; surveys; charts; graphs; diagrams; compilations; computations; photographs; films or videos;

tapes; discs; data cells; databases; spreadsheets; software; bulletins; voice mails; information stored or maintained by electronic data processing or word processing equipment; electronic claims filings; invoices; computer and network activity logs; all other data compilations from which information can be obtained including electromagnetically sensitive stored media such as floppy disks, hard disks, hard drives and magnetic tapes; web pages; any preliminary versions, drafts or revisions of any of the foregoing; and all attachments to any of the items set forth in this paragraph.

5. The term "related" or "relating to" means comprising, constituting, reflecting, respecting, concerning, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing or evaluating.

6. The term "date" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

7. The singular of any word or phrase used herein includes the plural, the plural includes the singular, and any gender includes all genders. The term "or" means or/and, and the term "and" means and/or.

8. "Omnicare, Inc.," or "Omnicare" mean any and all of the following:

   a. Omnicare, Inc., any Omnicare entities named at paragraphs 8 through 217 of Relator's Third Amended Complaint and any of their predecessors, parents, subsidiaries, affiliates, segments, departments, branches, groups, operations, units, plants, and divisions, both presently existing and those which previously existed, as well as any joint ventures of which it is a part;

   b. Each of Omnicare's present or former officers, directors, and employees, whether or not their actions were authorized by Omnicare or were within the proper scope of their authority.

9. "Employee" means any person, including but not limited to any agent, all past and present agents, representatives, accountants or advisors, who acted or purported to act on behalf of the Company or who have performed any service for the Company or under its name (whether on a full-time, part-time, piece-work, commission, or other basis, and whether paid or unpaid).

10. "Relator" means Susan Ruscher.

11. "You" or "Your" mean any of the following:

    a. The entity on which this request for production was served, irrespective of the name under which it has operated;

2

b. Apple Health Care, Inc. and any of its predecessors, parents, subsidiaries, affiliates, segments, departments, branches, groups, operations, units, plants, and divisions, both presently existing and those which previously existed, as well as any joint ventures of which it is a part;

c. Each of Apple Health Care, Inc.'s present or former officers, directors, and employees, whether or not their actions were authorized by Apple Health Care, Inc. or were within the proper scope of their authority.

## INSTRUCTIONS

1.     If you object to any discovery request on any ground, set forth in detail all reasons therefore.  If a claim of privilege is asserted with regard to the identity of a document or oral communication, a separate list of all such documents and oral communications shall be served with the answers hereto.  Such separate list shall identify each document or oral communication by author, recipients and recipients of copies (including titles, relationship to the author where not apparent, and whether or not they are attorneys), the date of such document or oral communication, and a brief summary of the subject matter of the document or oral communication.

2.     If you object to any part of any of the items of a discovery request, answer the remaining part completely.

3.     Each discovery request set forth herein shall be deemed continuing and you shall be obligated to change, supplement, and amend your answers thereto as required under Rule 26 of the Federal Rules of Civil Procedure.

4.     Where electronic documents are produced in the above-captioned litigation, the parties agree that they will be produced in the following format:

a.  The parties will produce images in single-page TIFF format, accompanied by a load file (OPT or DAT) containing the beginning and ending bates numbers, document ID, full storage path for each document, OCR data, relevant metadata (as discussed below), and identification of any family relationship or association. Any documents produced in native format pursuant to point (b) below shall have an image indicating the bates number of the document and indicating that it was produced in native format.  Nothing in this paragraph shall prohibit a party from requesting that a third-party produce documents in a different format, including searchable PDF.

b.  All Excel spreadsheets, audio, video, and database files are to be produced in native format, accompanied by a load file (OPT, DAT) containing the beginning and ending bates numbers, file name, full storage path for each document, OCR data, relevant metadata, and identification of any family relationship or association.

c.  Any load file produced shall contain the following metadata field information, where available:

4

| METADATA FIELDS REQUESTED | |
|---|---|
| **Field/Metadata** | **Description** |
| **Electronic Data (Word Processing Documents, Spreadsheets, Email Messages, Etc.)** | |
| Begin Bates / Bates Start | Identifies the Bates number of the beginning page of a document. |
| End Bates /Bates End | Identifies the Bates number of the ending page of a document. |
| Parent ID | Identifies the Bates number associated with the first page of a parent email or electronic document. |
| Begin Attach | Identifies the Bates number associated with the first page of a attachment to a parent email or electronic document. |
| End Attach | Identifies the Bates number associated with the last page of the last attachment to a parent document. |
| Attachment Count | Identifies the number of attachments to an email. |
| Attachment Names | Identifies the file names of all attachments to an email. |
| Custodian/Source | Identifies the collection source or custodian of the collected email message or electronic document. |
| PST Source | Identifies the name of the PST mailbox. |
| PST Folder | Identifies the name of each folder collected from the PST mailbox (Inbox, Sent Mail, Drafts, etc.). |
| From | Identifies the sender of an email. |
| Author | Identifies the creator or distributor of an electronic or imaged document. |
| To / Recipient | Identifies all recipients of an email ("To") or of an electronic or imaged document (Recipient). |
| CC | Identifies all individuals copied on an email or electronic or imaged document ("Cc" or "Copied To"). |
| BCC | Identifies all individuals blind copied on an email or electronic or imaged document ("BCC" or "Blind Copied"). |
| Subject | Identifies the subject line of an email or electronic document. |
| Date Created | Identifies the date the email or document was created. |
| Date Sent | Identifies the date an email was sent. |
| Date Received | Identifies the date an email was received. |
| Date Modified | Identifies the date the email or document was last modified. |
| Date Last Saved | Identifies the date a document was last saved. |
| Time Sent | Identifies the time an email was sent. |
| Time Received | Identifies the time an email was received. |
| Time Zone | Identifies the time zone used for processing the file |
| Sort date | Identifies the master family date based on parent record date |
| Conversation Index | Email conversation thread ID |
| Duplicate Custodians | Identifies any other individuals who possessed a copy of the document where such copies have been removed from the production as part of a de-duplication process. |
| Last Saved By | Identifies the name of the person who last saved the document. |

| Image File Name | The file name of an imaged document. |
|---|---|
| File Extension | Identifies the extension of an electronic or imaged document. |
| Title | Identifies the "Title" of an electronic or imaged document. |
| Native File Name | Identifies the original name of the native email or electronic document. |
| Native File Path | Identifies the file path from where the native email or electronic document was originally stored and collected. |
| Page Count | Identifies the number of pages in the produced document |
| InReplyToID | The internal metadata value within an email for the reply-to ID. |
| IntMSTID | Email internal message ID |
| Document Type | Identifies whether the document is an email, attachment, or e-doc |
| Hash Value | Hash value (either MD5 or SHA1) for all email messages and/or electronic files. |
| Redaction Reason | Identifies the reason for redactions applied to each document, if any. |

8.     All documents produced should be Bates labeled as such:

    a.   Each page of each image should contain consecutive Bates labels on each page in the lower right-hand corner as to not obstruct the view of any text or images on the document itself.

    b.   Native file documents should be named with the Begin Bates value of the document, with the original filename located in the "Native Filename" field of the metadata.

9.     If the discovery request seeks some information only available in a video format, the video files themselves shall be produced in the format in which they were kept in the ordinary course of business.

10.     The producing party shall organize its production consistent with one or more of the methods described in Federal Rule of Civil Procedure 34(b)(2)(E)(1).  The method shall be chosen solely by the producing party.  All attachments to documents are to be grouped with the document to which it is attached. By way of example, if an email has an attachment, the email and its attachment are to be grouped together.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

1.      All Medicare provider applications and agreements, including any renewals or modifications, effective from 2004 to 2010.

2.      All Medicaid provider applications and agreements, including any renewals or modifications effective from 2004 to 2010.

3.      All cost reports, paid or unpaid, submitted to any and all federal or state government healthcare programs, and/or non-government program from 2004 to 2010.

4.      All underlying data and documents supporting the cost reports reflecting, related, or referring to pharmaceutical drugs and medical supplies, including but not limited to expenses and services from 2004 to 2010.

5.      All underlying data and documents supporting the cost reports reflecting, related, or referring to short-term liabilities, long-term liabilities, and debts from 2004 to 2010.

6.      All documents sufficient to show your contact with any employee of Omnicare, Inc. or any of its subsidiaries, including but not limited to Key Account Managers and collectors from 2004 to 2010.

7.      All contracts and agreements, including any exhibits, drafts, renewals, or modifications and any applicable price lists or price agreements, with Omnicare, Inc. or any of its subsidiaries effective from 2004 to 2010.

8.      All documents and/or electronically stored information relating to your purchases of pharmaceutical drugs, medical supplies, and services from Omnicare, Inc. or any of its subsidiaries sufficient to determine amounts that you were charged for the drugs and services for each facility that you own and/or control  during the period 2004 to 2010.

9.      All documents and electronically stored information relating to accounts payable, including invoices, bills, ledgers, and statements, and reflecting information such as dates of purchase, invoice dates, and bill dates, for Omnicare, Inc. or any of its subsidiaries during the period 2004 to 2010.

10.     All documents and electronically stored information relating to payments, including ledgers and statements and reflecting such information as payment dates, collection efforts, accounts payable or amounts owned, and amounts of payments, made to Omnicare, Inc. or any of its subsidiaries during the period 2004 to 2010.

11.     All documents and/or electronically stored information sufficient to show all associated accounts payable, on a monthly basis relating to all other vendors or suppliers of pharmaceutical drugs, medical supplies, and related services, during the period 2004 to 2010.

12.  All documents and electronically stored information relating to payments, including ledgers and statements and reflecting such information as payment dates, collection efforts made, and amounts of payments relating to all other vendors or suppliers of pharmaceutical drugs, medical supplies, and related services, during the period 2004 to 2010.

13.  All promissory notes, including any drafts, with Omnicare, Inc. or any of its subsidiaries effective for any period from 2004 to 2010.

14.  All documents and electronically stored information relating to payments made in satisfaction of all promissory notes with Omnicare, Inc. or any of its subsidiaries from 2004 to 2010.

15.  All security agreements, including any drafts, with Omnicare, Inc. or any of its subsidiaries effective for any period from 2004 to 2010.

16.  All complaints or petitions in any action filed by or against Omnicare, Inc. or any of its subsidiaries from 2004 to 2010.

17.  All settlement agreements, including any drafts, with Omnicare, Inc. or any of its subsidiaries effective from 2004 to 2010.

18.  All documents and electronically stored information relating to payments made in satisfaction of all settlement agreements with Omnicare, Inc. or any of its subsidiaries effective for any period from 2004 to 2010.

19.  All judgments in favor of or against Omnicare, Inc. or any of its subsidiaries entered from 2004 to 2010.

20.  All payments made in satisfaction of any judgments in favor of or against Omnicare, Inc. or any of its subsidiaries from 2004 to 2010.

21.  All communications or documents with Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to your business relationship with Omnicare, continuing business, additional business within a nursing home facility, or new and/or additional business within another nursing home facility, including but not limited to any contracts between you and Omnicare in which Omnicare purchases or otherwise acquires any asset, subsidiary or business division from 2004 to 2010.

22.  All internal or third-party communications or documents relating to Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to your business relationship with Omnicare, including but not limited to business development, continuing business, additional business within a nursing home facility, or new and/or additional business within another nursing home facility from 2004 to 2010.

23.  All communications or documents with Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to past due amounts owed to Omnicare, agreements with Omnicare that it would refrain from collecting upon, or forgive the past due

8

amounts, and any past due amounts that Omnicare discharged, wrote off, or otherwise forgave from 2004 to 2010.

24. All internal or third-party communications or documents relating to Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to past due amounts owed to Omnicare, agreements with Omnicare that it would refrain from collecting upon, or forgive the past due amounts, and any past due amounts that Omnicare discharged, wrote off, or otherwise forgave from 2004 to 2010.

25. All communications or documents with Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to litigation by or against Omnicare from 2004 to 2010.

26. All internal or third-party communications or documents relating to Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to litigation by or against Omnicare from 2004 to 2010.

27. All communications or documents with Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to billing disputes, incorrect invoices, and/or misapplied payments from 2004 to 2010.

28. All internal or third-party communications or documents relating to Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to billing disputes, incorrect invoices, and/or misapplied payments from 2004 to 2010.

29. All communications or documents with Omnicare, Inc. or any of its subsidiaries reflecting, related, or referring to discounts, rebates, or offsets requested by you to Omnicare from 2004 to 2010.

30. All accounting ledgers and journals and financial statements, including balance sheets, income statements, cash flow statements, and statements of retained earnings or equity statements, for the period 2004 to 2010.

31. All communications, documents, promotional or solicitation materials from Omnicare reflecting, related, or referring to any competitor's pricing, discounts, rebates, offsets, debt forgiveness, market-share rebates, discounts, and rebate income in connection with any Omnicare skilled nursing facility customer, from 2004 to 2010.

32. All communications, documents, promotional or solicitation materials from any pharmacy other than Omnicare reflecting, related, or referring to any competitor's pricing, discounts, rebates, offsets, debt forgiveness, market-share rebates, discounts, and rebate income in connection with any Omnicare skilled nursing facility customer, from 2004 to 2010.

33. All communications with Omnicare, Inc. or any of its subsidiaries relating to any specific designation of an account, including but not limited to the following designations: NAT, P-HOLD, REGHOLD, OUT2PHOLD, COL, BKR, LGL, or any other equivalent terminology used from 2004 to 2010.

9

34.    All communications with, or documents referring to, any Omnicare representative designated as a Key Account Manager from 2004 to 2010.

35.    All communications with pharmacies other than Omnicare regarding a contract or contemplated contract for a pharmacy other than Omnicare to provide pharmaceuticals and medical supplies and consultations to one or more of your skilled nursing facilities.



*163569*

UNITED STATES DISTRICT COURT, Southern District of Texas

**United States ex rel. Susan Ruscher**

      Plaintiff(s),

vs.

**Case No.: 08-3396**

**AFFIDAVIT OF SERVICE**

**Omnicare, Inc., et al**

      Defendant(s).
_____/

I certify that I received this process on **01/13/2015** at **5:53 PM** to be served upon:

**Apple Health Care, Inc.**

STATE OF CONNECTICUT

        **ss: East Hartford**

COUNTY OF HARTFORD

I, **Rich Zechiel**, depose and say that: I am authorized to serve this process in the circuit/county it was served in.

On **01/14/2015** at **9:45 AM**, I served the within **Subpoena In A Civil Case to Produce Documents, Information or Objects or to Permit Inspection of Premises with Exhibit A** on **Apple Health Care, Inc.** at **c/o Ryan Vess,21 Waterville Road, Avon, CT 06001** in the manner indicated below:

**CORPORATE SERVICE:** By delivering a true copy of this process with the date and hour endorsed thereon by me to **Chris Shelton**, **General Counsel** of the above named corporation and informing him/her of the contents.

Description of person process was left with:

Sex: **Male** - Skin: **Caucasian** - Hair: **Brown** - Age: **55** - Height: **5'10"** - Weight: **215**
Other:

Under penalty of perjury I declare that I have read the foregoing Affidavit Of Service and that the facts stated in it are true.

X _____
**Rich Zechiel**

Signed and sworn to before me on **01/15/2015** by an affiant who is personally known to me or produced identification.

_____
Notary Public
Commission Expires: 08/31/2019

Texas Easy-Serve LLC
1201 Louisiana Street
Houston, TX 77002
713-655-7239